# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-10-116-F |
| ) | |
| QUAYLAN M. JEFFERS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

At the conclusion of a motion hearing in this case, on this date, the defendant, Quaylan M. Jeffers, expressed an intention (at least as understood by the court) not to cooperate with his attorney in preparation for the trial of this case. This case is set for trial on the court's September, 2010 docket, with docket call set for September 8, 2010.

On the basis of the unusually extensive opportunities that the undersigned judge has had to observe Mr. Jeffers in open court, including hearings on this date and on June 4 and July 6, 2010, and after careful consideration of all of the circumstances presented by this case, the court is well-satisfied that:

1. The defendant's present counsel, David P. Henry, has done nothing which would warrant any sense of dissatisfaction on Mr. Jeffers' part with respect to Mr. Henry or the services he has rendered or will render in this case.

2. Mr. Henry, an experienced and professionally well-qualified criminal defense attorney, is well-able (and quite willing) to establish a constructive, trusting, and confidential attorney-client relationship with Mr. Jeffers.

3. Mr. Jeffers is easily intelligent enough to understand that, as his trial date draws near, it behooves him to cooperate with his counsel in the interest of maximizing his chances of success at trial. However, on the basis of the totality of its experience with Mr. Jeffers, the court also finds that it is quite possible that Mr. Jeffers has made a calculated decision to decline to cooperate with his counsel, in the hope of establishing a basis for appellate relief in the event that he is convicted at trial. Any ostensibly rational basis for such a calculated decision would be entirely contrived.

4. Applying the standards articulated by the Court of Appeals in <u>United States v. Porter</u>, 405 F.3d 1136 (10th Cir. 2005), and <u>United States v. Lott</u>, 310 F.2d 1231 (10th Cir. 2002), the court finds no basis for any finding or conclusion that there has been a total breakdown in communication between the defendant and his counsel or that there is a severe and pervasive conflict between Mr. Jeffers and his counsel. To the contrary, the court is satisfied that any difficulties which Mr. Jeffers may purport to have in communicating or otherwise cooperating with his present counsel would also be asserted by Mr. Jeffers with respect to any new counsel (which would be Mr. Jeffers' third counsel in this case) the court might appoint to represent Mr. Jeffers.

Dated August 26, 2010.

*[Signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0116p012.wpd